Walter WILSON, Petitioner-Appellant,

v.

Norris McMACKEN, Superintendent, Marion Correctional Facility, Respondent-Appellee.

No. 85–3581.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 4, 1986.

Decided March 17, 1986.

James R. Willis (argued), Cleveland, Ohio, for petitioner-appellant.

Stuart A. Cole (argued), Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before KEITH and GUY, Circuit Judges, and TAYLOR, District Judge.[*]

GUY, Circuit Judge.

Petitioner, Walter Wilson, appeals from a district court order dismissing his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we affirm the district court order.

Wilson was indicted during the May, 1981, term of the Cuyahoga County, Ohio, Grand Jury on one count of aggravated murder, in violation of Ohio Revised Code § 2903.01, and on one count of attempted murder, in violation of Ohio Revised Code §§ 2903.02 and 2923.02. At trial, the jury returned a verdict finding petitioner guilty of murder, and he was sentenced to a term of incarceration of from fifteen years to life. Wilson appealed his conviction to the Ohio Court of Appeals for the Eighth Judicial District, which affirmed the common pleas court verdict. On October 12, 1983, the Ohio Supreme Court *sua sponte* dismissed the further appeal as lacking a substantial constitutional issue.

Wilson next filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Ohio, Eastern Division, alleging the following grounds for the petition:

1. Ineffective assistance of counsel;
2. Denial of due process by fundamental defects in the jury instructions and burden of persuasion;
3. Verdict against the manifest weight of the evidence; and
4. Trial judge unconstitutionally rejected Wilson's request for an evidentiary hearing on ineffective assistance of counsel allegations, and improperly refused to grant Wilson a new trial.

The petition was referred to a magistrate and, on April 5, 1985, a magistrate's report was issued recommending dismissal of Wilson's habeas petition. Wilson objected to certain portions of the report, and the district court conducted a *de novo* review of those portions of the report. 28 U.S.C. § 636(b)(1)(C). Thereafter, on June 19, 1985, the district court entered an order dismissing the petition.

As determined by the Ohio Court of Appeals, the facts adduced during the course of Wilson's trial demonstrated that:

Appellant Walter Wilson operated a grocery store located across the street from a cleaners operated by the victim, Quinton Lumpkin. Appellant was buying the building in which the cleaners was located. On the day of the incident, one of the appellant's employees taped an envelope containing an eviction notice on the door of the victim's business establishment.

A few minutes later Lumpkin entered appellant's store. Wilson testified that because he saw a gun in Lumpkin's pocket, he (Wilson) tucked his pistol into the back of his pants. Lumpkin had the envelope in his hand and was angrily questioning Wilson about it. Wilson told Lumpkin that he could not talk to him about it during business hours. Lumpkin became very angry and continued arguing and swearing loudly.

Wilson had learned in the neighborhood that Lumpkin had shot and killed a man in the past. Some witnesses, including Wilson, testified that Lumpkin reached for his gun when Wilson pulled out his pistol and fired four times. Three of these shots hit the victim. The victim had crawled behind a wooden potato chip rack to flee and was struggling to his feet. Wilson then picked up his .12 gauge shotgun from the shelf near the cash register and fired it through the shelf. The shotgun bullet hit the victim in the throat and was the only fatal shot

---

[*] Honorable Anna Diggs Taylor, United States District Court, Eastern District of Michigan, sitting by designation.

fired. The victim had a pistol with bullets that were in the clip (handle) and were not placed in the chamber from which they could be fired. The victim had fired no shots.

*State v. Wilson,* No. 34650 (Ohio Ct.App. 1983). Wilson raises no issue as to the accuracy of these factual findings, and therefore they are binding on this court. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Marshall v. Lonberger,* 451 U.S. 902, 101 S.Ct. 1967, 68 L.Ed.2d 290 (1983).

## I.

As his first ground for relief, Wilson urges that he was denied effective assistance of counsel as the result of defense counsel's failure to request critical jury instructions, failure to object to certain statements made in the prosecutor's closing argument, and failure to raise a burden of persuasion issue. Recently, in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth the standards by which ineffective assistance of counsel claims are to be judged. The Court noted that "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* 104 S.Ct. at 2064. The Court held that there are two components to an ineffectiveness claim: "First, the defendant must show that counsel's performance was deficient ... Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

With respect to the first component, defendant must identify acts or omissions which were "outside of the wide range of professionally competent assistance" in or-

der to prove deficient performance. With respect to the second component, in order to establish prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2065.

■ Wilson sets forth several aspects of defense counsel's performance which allegedly support his ineffectiveness claim. He first attempts to establish ineffectiveness by noting that the defense attorney failed to request a specific instruction explaining that Wilson had no duty to retreat. The record reflects, however, that the following instruction was delivered:

> If a person is assaulted by another, who apparently intended to kill or cause great bodily harm, the person assaulted is not required to retreat, but may repel force with force and kill his assailant, if it reasonably appears to the defendant, necessary to do so.

Wilson characterizes this instruction as merely "boilerplate; however, we cannot find "deficient performance" in defense counsel's failure to request a more particularized instruction. This instruction clearly states Ohio law with respect to the duty to retreat.

■ The second claim of Wilson's ineffectiveness allegation is that defense counsel failed to object to comments made by the prosecutor in his closing argument to the effect that Wilson had a duty to retreat. While it is true that the prosecutor did reference this subject in his closing argument, the court does not find deficient performance in trial counsel's failure to object to the comments. The reference to a duty to retreat, when viewed in context, was not a major theme in the closing argument [1] and actually was part of the prose-

---

1. In the course of discussing petitioner's theory of self defense, the prosecutor closed with these remarks:

   > As you consider this evidence, I want you to consider it in view of the law that the Court will give you on self-defense. Nothing that I say is law and I am not suggesting that it is
   >
   > ....

   > Was killing Lumpkin the only means of escape that was available to the defendant, or did he have the glass booth; did he have the other room; did he have the basement; did he have the man under control by previously having shot him three times? And I am suggesting to you, it was not his only means of escape. Self-defense is not available at this

cutor's argument on petitioner's claim of self defense. Moreover, Wilson cannot establish prejudice, since both before and after closing arguments, the trial judge warned the jury that the arguments are not to be considered evidence, and that it is the function of the court to instruct the jury as to the law which they shall apply. In addition, the trial judge went on to properly instruct the jury on the duty to retreat. Therefore, this claim of petitioner's is unpersuasive.

■■■■ Wilson finally asserts ineffectiveness in trial counsel's failure to object to the jury instructions on self defense, which placed upon the defendant the burden of proving the affirmative defense by a preponderance of the evidence.[2] This claim is without merit. In *Carter v. Jago*, 637 F.2d 449 (6th Cir.1980), *cert. denied*, 456 U.S. 980, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982), this court specifically held that it is not in violation of due process "to compel the defender to shoulder the burden of proving the affirmative defense of self defense by a preponderance of the evidence." *Id.* at

457. Moreover, the Ohio Supreme Court has now dealt directly with this question and concluded that there is no due process violation inherent in requiring the defendant to prove self defense by a preponderance of the evidence. *State v. Martin*, 21 Ohio St.3d 91, 488 N.E.2d 166 (1986). *See also State v. Frost*, 57 Ohio St.2d 121, 126–27, 387 N.E.2d 235 (1979). In addition, this court has also had occasion to specifically address this issue in the context of an ineffective assistance of counsel claim. In *Nieb v. Jago*, 695 F.2d 228 (6th Cir.1982), *cert. denied sub nom.*, 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983), we rejected the petitioner's ineffectiveness argument based upon defense counsel's failure to object to an instruction regarding Ohio's self-defense burden. The court stated that petitioner's "counsel was not shown to have rendered ineffective assistance by reason of his failure to make a specific and timely objection to [the burden of proof] instructions given." *Id.* at 231. Therefore, this final allegation of Wilson's ineffectiveness of counsel claim is without merit also.[3]

---

point. I am going to suggest to you that the defendant must not have violated any duty to retreat or to avoid danger. Did he do that or did he get the shotgun and go back into the arena, back into the arena of danger?

I am suggesting to you, even if Lumpkin was the aggressor, in the first place, he wasn't anymore.

(App. 314–315). While the prosecutor did mention duty to retreat, it was in reference to his theory that the duty might arise once an aggressor is rendered harmless. This theory is in accord with Ohio law on the duty to retreat, and thus does not appear objectionable to the court. Moreover, the fact that the prosecutor prefaced his remarks by explaining that what he was about to say is not law further explains defense counsel's failure to object.

2. Ohio Revised Code § 2901.05 provides that:
(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense is upon the accused.

     *    *    *    *    *    *

(C) As used in this section an "affirmative defense" is either of the following:

(2) A defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence.

3. At oral argument before this court, Wilson's counsel stressed the importance of *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), with respect to this aspect of his appeal. Petitioner's counsel suggested that the Supreme Court in *Engle* held that a defense counsel must make all arguments at trial which are at least colorable, even if not accepted by the state courts. While the Supreme Court did say that "the futility of presenting an objection to the state court cannot alone constitute cause for a failure to object at the trial," *id.* at 130, 102 S.Ct. at 1573, it did not state that counsel's failure to raise every colorable objection constitutes ineffective assistance of counsel. To the contrary, the Court noted:

Every trial presents a myriad of possible claims. Counsel might have overlooked or chosen to omit respondents' due process argument while pursuing other avenues of defense. We have long recognized, however, that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. *It does not insure that defense will recognize and raise every conceivable constitutional claim.*

None of the individual acts or omissions highlighted by petitioner establish that his trial counsel was professionally incompetent. The court would add that, when considered in combination, the sum of petitioner's complaints is no greater than the individual grievances. Petitioner has failed to identify any acts or omissions by his trial counsel which were "outside of the wide range of professionally competent assistance," and has thus failed to satisfy the first prong of the *Strickland* test.

## II.

■ As his second claim for relief, petitioner directly challenges the instructions given by the trial court with respect to self defense and voluntary manslaughter. Ohio Rule of Criminal Procedure 30 requires contemporaneous objections to jury instructions, and failure to comply with Rule 30 constitutes a waiver of any claim of error. *State v. Humphries,* 51 Ohio St.2d 95, 364 N.E.2d 1354, 1359 (1977). The record indicates that no objections were raised with respect to the instructions challenged by petitioner, therefore he must establish both "cause" and "prejudice" before this court may review these claims. *Wainwright v. Sykes,* 433 U.S. 72, 87–91, 97 S.Ct. 2497, 2506–08, 53 L.Ed.2d 594 (1977); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Petitioner claims that cause exists due to the ineffectiveness of his trial counsel. However, since we have rejected petitioner's complaints of ineffective assistance of counsel and since he offers no other explanation for his procedural default, this court is precluded from deciding this claim in a federal habeas corpus proceeding.

## III.

■ Petitioner next claims that his conviction was against the manifest weight of the evidence. However, since he failed to file an objection to the magistrate's dismis-sal of this claim, we are precluded from further consideration. In *Thomas v. Arn,* ── U.S. ──, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985), the United States Supreme Court specifically upheld this circuit's rule conditioning the right to appeal a district court's order on the filing of specific objections to the magistrate's report and recommendation. The Court noted that "[t]he Sixth Circuit rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Id.* Here, petitioner failed to object to that portion of the magistrate's report dealing with this issue. Therefore, he has forfeited his right of appeal on this issue.

## IV.

■ As his fourth ground for relief, petitioner contends that the trial court unconstitutionally denied him an evidentiary hearing on his allegations of ineffective assistance of counsel and unconstitutionally denied his application for a new trial. The district court noted that petitioner did not object to the magistrate's dismissal of this aspect of his case, and therefore did not address this issue in its memorandum. However, having read over petitioner's objections, this court is of the opinion that Wilson did sufficiently object to this portion of the report and recommendation and, therefore, he has not waived his right of appeal on this issue.

A review of the record indicates that petitioner filed a post-trial motion requesting a new trial due to the incompetency of his trial counsel. He also requested an evidentiary hearing on the matter. The judge, however, explained to Wilson that he really ought to be making his argument to an appellate court. The judge also noted that he "vividly" recalled Wilson's case, that he did not recall Wilson expressing any dissatisfaction with his attorney, and

---

*Id.* at 134, 102 S.Ct. at 1575 (emphasis added). Thus, contrary to Wilson's assertion, *Engle* supports the position that petitioner's trial counsel was not ineffective as a result of his failure to object to the burden of proof instructions. *See also Nieb v. Jago,* 695 F.2d 228 (6th Cir.1982) (interpreting *Engle* ).

that he did not think that trial counsel performed incompetently. Therefore, he denied the motion.

The Ohio appellate court reviewed this claim and found no violation of state law in the judge's disposition of the matter. In a federal habeas corpus proceeding such as this one, we do not sit as a " 'super' state supreme court" to judge whether the judge erred under state law. *Shaw v. Boney,* 695 F.2d 528, 530 (11th Cir.1983). Rather, our task is to determine whether the violation rises to the level of a constitutional wrong. With this task in mind, the court is of the opinion that there are no due process violations apparent in the above procedure which would indicate a denial of fundamental fairness. Therefore, we reject petitioner's claim for relief.

The judgment of the district court is affirmed.