838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen R. PHIPPS, Plaintiff-Appellant,
v.
Calvin EDWARDS, Larry Cox, J.W. Nevins, R. Finch, W.
Westley, Defendants-Appellees.
 No. 87-1435.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals from the district court's order which accepted, in part, the magistrate's report and recommendation and granted defendants' motion for summary judgment as to the assault issues set forth in the plaintiff's complaint. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff claimed that prison officials removed and kept his personal property while he was in administrative detention, and that he was verbally and physically assaulted during two strip searches. After the second strip search, he was allegedly left naked in a bare cell. He also claimed that he was denied library privileges while in administrative segregation. Plaintiff requested monetary damages and injunctive relief.
 
 
 3
 Upon review, we affirm the district court's judgment as to all claims except the assault issues. The district court's order granting defendants' motion for summary judgment as to the assault issues is vacated and remanded for further proceedings.
 
 
 4
 The district court's order granting defendants' motion for summary judgment is affirmed as to plaintiff's claims regarding loss of personal property, being subjected to an administrative strip search, denial of access to the law library, and conditions of confinement in a disciplinary unit. Plaintiff did not file timely objections to the magistrate's report after being expressly advised to do so. He also failed to assert any reason on appeal to excuse this failure to file objections. Therefore, he has waived his right to appeal those issues. Thomas v. Arn, 474 U.S. 140 (1985); Wilson v. McMackin, 786 F.2d 216, 220 (6th Cir.1986).
 
 
 5
 In contrast, the district court improperly granted defendants' motion for summary judgment as to plaintiff's assault claim. This part of the district court's order must be vacated and remanded because the court used the wrong test to decide those issues. In addition, application of the correct test cannot be made on the state of the present record.
 
 
 6
 The district court used the wrong standard when it inquired whether the alleged abuse to the prisoner shocked and offended the court's sensibilities and the eighth amendment. The correct standard for determining whether the alleged beatings violated plaintiff's constitutional rights and are actionable under 42 U.S.C. Sec. 1983 is set out in Johnson v. Glick, 481 F.2d 1028 (2d Cir.), cert. denied, 414 U.S. 1033 (1973). The Johnson criteria include: (1) the need for application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; and (4) whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. Johnson, 481 F.2d at 1033. See also Whitley v. Albers, 475 U.S. 312 (1986). Remanding this part of the case will allow the district court to apply the correct test and determine whether plaintiff's constitutional rights were violated.
 
 
 7
 Accordingly, the district court's order granting defendants' motion for summary judgment on plaintiff's claims regarding loss of personal property, being subjected to an administrative strip search, denial of access to the law library, and conditions of confinement in a disciplinary unit is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. The district court's order granting defendants' motion for summary judgment as to plaintiff's assault claim, however, is vacated and the case is hereby remanded for further proceedings consistent with this order. Rule 9(b)(6), Rules of the Sixth Circuit.