902 F.2d 1568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. GRASTY, Petitioner-Appellant,
v.
Denise M. QUARLES, Superintendent, Respondent-Appellee.
 No. 89-1916.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1990.
 
 1
 Before WELLFORD and BOGGS, Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 David L. Grasty, a pro se Michigan prisoner, appeals from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 4
 Challenging his 1982 bench trial conviction of second degree murder, for which he received a sentence of 14 to 30 years imprisonment, Grasty filed his petition alleging: (1) that he was denied the right to present a defense of self-defense; (2) that the trial court erroneously permitted a witness who had impeached himself with prior inconsistent statements to testify; and (3) that he was denied his sixth amendment right of confrontation when the trial court allowed a witness to testify who had violated the court's sequestration order.
 
 
 5
 After a review of the magistrate's report and Grasty's objections, the district court adopted the magistrate's recommendation and dismissed the case. Grasty has filed a timely appeal, raising the same issues which were before the district court. In his brief on appeal, Grasty has also moved for in forma pauperis status and for the appointment of counsel. In addition, Grasty has filed a separate motion seeking release on bond pending appeal.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's report and district court's order.
 
 
 7
 Grasty's assertion that the trial court erred in not making findings regarding his defense of self-defense is meritless. The Michigan Court of Appeals ruled that Grasty did not adequately put self-defense in issue at his trial. Therefore, the trial court was not obliged to make findings on this issue. See People v. Grasty, No. 67873 (Mich.Ct.App. January 19, 1984) (per curiam) (unpublished). This decision is binding on the federal courts. See Olsen v. McFaul, 843 F.2d 918, 929 (6th Cir.1988). Thus, as framed by Grasty, the issue is a state law claim which the Michigan courts have already rejected.
 
 
 8
 Moreover, even if Grasty's claim is liberally construed as a challenge to the sufficiency of the evidence, it too is meritless. The trial court's statement of facts is presumed correct because Grasty has not shown by clear and convincing evidence that they are erroneous. See Sumner v. Mata, 455 U.S. 591 (1982) (per curiam). This evidence is sufficient to support Grasty's conviction. See Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 9
 Grasty has waived review of the use of the testimony of Mahir Madyun, who allegedly made prior inconsistent statements concerning his testimony. Although the magistrate's report dealt with this issue at some length, Grasty waived appellate review of the issue by not addressing it in his objections to the magistrate's report. See Thomas v. Arn, 474 U.S. 140 (1985); Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir.1986).
 
 
 10
 Grasty's claim concerning the violation of the trial court's sequestration order is meritless. The admission of Mrs. Eskridge's testimony did not deny Grasty a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).
 
 
 11
 Finally, because Grasty is already proceeding in forma pauperis before this court, his motion for in forma pauperis status on appeal is moot.
 
 
 12
 Accordingly, the motions for in forma pauperis status, for the appointment of counsel, and for bond pending appeal are hereby denied. The district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation