914 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juivonne LITTLEJOHN, Plaintiff-Appellant,
v.
Marjorie VANOCHTEN; Jerry Sherman, Defendants-Appellees.
 No. 90-1009.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Juivonne Littlejohn, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Littlejohn sued VanOchten, hearing administrator for the Michigan Department of Corrections, and Sherman, a hearing officer, in their individual and official capacities alleging that improper procedures were utilized in connection with his disciplinary hearing. Littlejohn received a major misconduct report for substance abuse because he failed to urinate within one hour of a request to do so. Littlejohn was found guilty of the charge and sentenced to thirty days loss of privileges. Littlejohn was provided with a hearing investigator, but Sherman denied his request for certain documents. Littlejohn alleged that this refusal prevented him from presenting a meaningful defense. Sherman refused Littlejohn's request for witness/employee statements as irrelevant, and his request for rules, policies and memos as exempt from disclosure.
 
 
 3
 Defendants filed a motion to dismiss. The magistrate recommended the motion be granted, finding VanOchten had no personal involvement in the alleged denial; that Sherman, as a hearing officer, was entitled to absolute judicial immunity from a damages action; and that Littlejohn failed to show that the requested documents were relevant or could have aided his defense. Littlejohn then filed a "motion for reconsideration and notice of objection and appeal" wherein he requested an additional thirty days to respond to the magistrate's report. The district court later dismissed the complaint after noting that although three months had passed, Littlejohn still had not filed specific objections to the magistrate's report.
 
 
 4
 On appeal, Littlejohn reasserts his claim, and requests the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment. Littlejohn did not file specific objections to the magistrate's report. His motion for reconsideration and notice of objection was merely a request that the case not be dismissed at that point in time. We conclude that Littlejohn has waived appellate review of his claims because he failed to object to specific issues in the magistrate's report. See Wilson v. McMackin, 786 F.2d 216, 220 (6th Cir.1986); United States v. Walters, 638 F.2d 947 (6th Cir.1981).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.