919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Louis Anthony WILBON, Plaintiff-Appellant,
v.
Kevin MILLER, Parole Agent, Jay Caldwell, Parole Agent,
Defendants-Appellees.
 No. 89-2332.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 1
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Louis Anthony Wilbon, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Wilbon sued two Michigan state parole officers alleging that they conducted an unreasonable search of his leased car; they illegally confiscated $24,000 worth of property; they charged him with false parole violations; they induced Wilbon to waive preliminary examination; they made sexual advances toward Wilbon; and, they committed slander and defamation. Wilbon did not allege the capacity in which he sued the defendants.
 
 
 4
 The magistrate recommended that the complaint be dismissed, finding that the search of Wilbon's vehicle was not unreasonable because Wilbon consented, and because defendants had reasonable suspicion to believe that Wilbon was violating a condition of his parole. The magistrate further found that the claim charging him with false parole violations was more appropriate for a habeas petition; that Wilbon failed to plead and prove the inadequacy of state remedies regarding confiscation of property worth $24,000; that claims of slander and defamation were not cognizable under Sec. 1983; and, that there was no constitutional violation relative to Wilbon's claim of improper sexual advances. After reviewing Wilbon's objections, the district court adopted the magistrate's recommendation, granted summary judgment for the defendants, and dismissed the complaint.
 
 
 5
 On appeal Wilbon basically reasserts his claims and requests the appointment of counsel.
 
 
 6
 Initially, we note that Wilbon has waived appellate review of his slander and sexual advance claims because he did not file specific objections to the magistrate's report. See Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir.1986).
 
 
 7
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's report dated June 13, 1989, and as adopted by district court on August 21, 1989.
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation