930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
L. Eugene STEVENS, Plaintff,
Philip L. Dulmage, Attorney-Appellant,
v.
CONSOLIDATED FREIGHTWAYS, INC., doing business as
CCX-Con-Way Central Express, Defendant-Appellee.
 No. 90-1625.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1991.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Philip L. Dulmage, the attorney for plaintiff, L. Eugene Stevens, and the appellant in the present action, appeals the district court's award of attorneys' fees to defendant-appellee, Consolidated Freightways, Inc., because appellant Dulmage unreasonably and vexatiously multiplied the proceedings in violation of 28 U.S.C. Sec. 1927. For the following reasons, we affirm the judgment of the district court.
 
 I.
 
 2
 This appeal is brought by plaintiff Stevens' attorney, Philip L. Dulmage (hereinafter, "Dulmage" or "appellant"). On June 23, 1988, plaintiff Stevens filed a complaint against defendant-appellee Consolidated Freightways, Inc. ("Consolidated") d/b/a CXX-Con-Way Central Express ("CXX").[1] Plaintiff, a former employee of CXX,[2] alleged that he had been fired from his job in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621 et seq. and the age discrimination provisions of the Michigan Elliott-Larsen Act. Plaintiff also alleged that his termination was without just cause and violated the terms of a "for just cause" employment agreement under Toussaint v. Blue Cross & Blue Shield, 408 Mich. 579 (1980). Finally, plaintiff claimed that the defendant had failed to provide him with his employment file in violation of the Bullard-Plawecki Employee Right to Know Act.
 
 
 3
 At a status conference in September of 1988, a cutoff date for discovery and the filing of pretrial motions was set for March 29, 1989. On November 10, 1988, plaintiff Stevens' deposition was taken. In that deposition, plaintiff indicated that he had not adequately performed his primary job function and also acknowledged that his employment agreement with defendant contained language stating that his employment was "at-will." Shortly after the deposition, appellant Phillip Dulmage, counsel for plaintiff, and Larry W. Bridgesmith, counsel for defendant, allegedly agreed to a stay of discovery, because the admissions made by plaintiff in the deposition rendered the case meritless. During the subsequent proceedings, appellant Dulmage did not engage in discovery.
 
 
 4
 On March 9, 1989, a pretrial conference was held with the United States District Judge, which unfortunately was not transcribed. Defendant's counsel testified that Dulmage again acknowledged the invalidity of the ADEA and Toussaint claims and indicated that he was having difficulty getting cooperation from his client. Defendant's counsel also testified that when pressed by the district court, Dulmage agreed to withdraw the two claims the following week. Dulmage, on the other hand, testified that he never told the district court that the case lacked merit, but stated only that he was having difficulty contacting and receiving cooperation from his client.
 
 
 5
 As the date for motion cutoff approached, defendant's counsel contacted Dulmage on March 22, 1989, to determine whether the case would be voluntarily dismissed. Defendant's counsel testified that Dulmage stated that he had changed his mind and that he intended to go forward with all claims in the case. Defendant's counsel informed Dulmage that he would file a motion for summary judgment and request an award of attorneys' fees. The motion for summary judgment was filed on March 29, 1989.[3]
 
 
 6
 The hearing on the motion for summary judgment was set for April 24, 1989. Plaintiff was given until April 19, 1989 to respond. On April 20, 1989, Dulmage informed defendant by letter that the district court had approved an adjournment of the hearing for summary judgment. Based on this representation, defendant's counsel signed a stipulation to adjourn the hearing. The hearing was reset for May 2, 1989. It was later determined that the district court had not approved an adjournment. This false representation by Dulmage to defendant led the district court to reprimand Dulmage for deception.
 
 
 7
 Discussions about dismissing the case continued between defendant's counsel and Dulmage through the end of April. No response to the motion for summary judgment was ever filed by Dulmage. On April 26, 1989, following a telephone conversation, defendant's counsel sent Dulmage a stipulated order of dismissal. However, Dulmage did not respond. Defendant's counsel, whose office is in Nashville, Tennessee, flew to Michigan on May 2, 1989 in order to appear on the motion for summary judgment. Upon arrival at the courthouse, defendant's counsel discovered that the stipulated order of dismissal had already been signed by Dulmage and submitted to the court. The district court ordered that the case be dismissed with prejudice. The stipulated dismissal order was entered by the court on May 5, 1989.
 
 
 8
 On June 7, 1989, defendant filed a motion for attorneys' fees for reasonable fees and costs for having to file and appear on the motion for summary judgment after appellant Dulmage had allegedly conceded that the claims were meritless, failed to conduct discovery, and failed to file a response to the motion for summary judgment. The court referred the attorneys' fees motion to a United States magistrate, who held hearings on August 10, September 11, and October 10, 1989.
 
 
 9
 At the first hearing, appellant Dulmage, in his testimony, assigned all responsibility for the delay in acceding to dismissal of the case to his client, plaintiff Stevens.[4] Dulmage testified that his client was responsible for investigating the case and producing witnesses and had failed to keep in contact with him. Dulmage conceded that after his client's deposition in November of 1989, he had doubts about the case. However, he denied ever conceding that the case lacked merit. He also testified that when defendant's counsel had asked for concurrence in the summary judgment motion, he had attempted to contact his client to get approval, but was unable to do so. He testified that he believed the case had merit, but because he had named the wrong defendant (Consolidated Freightways, rather than CXX), there was no reason to answer the motion for summary judgment.
 
 
 10
 Plaintiff Stevens also testified. Stevens stated that he was always available for consultation with Dulmage. He testified that Dulmage gave him the responsibility of obtaining addresses and telephone numbers for the necessary witnesses. Stevens testified that just prior to the deposition Dulmage told him that the case had problems, but that dismissal was never mentioned until April 1989.
 
 
 11
 On April 5, 1990, the magistrate entered a report and recommendation of liability against appellant Dulmage for "unreasonably and vexatiously" multiplying the proceedings in violation of 28 U.S.C. Sec. 1927. By its terms, objection to the contents of the magistrate's report and recommendation had to be filed within ten days in order for appellant to obtain de novo review by the district court. No objections were filed, and the district court entered an order accepting the report and recommendation on April 23, 1990. On April 25, 1990, the magistrate entered an award of damages, which by its terms was to be specifically objected to within 10 days. No objections were filed within that time frame, and the district court entered an order on May 10, 1990, accepting the magistrate's report and recommendation as to the damage award. Fees were awarded for the time period from March 22, 1989, the date on which appellant refused to concur in defendant's request to dismiss the case, through May 4, 1989, the date of dismissal of this action. Fees were set in the amount of $7,392.50.
 
 
 12
 In the meantime, on April 30, 1990, appellant Dulmage filed a motion for reconsideration of the district court's April 23, 1990 order, which had accepted the April 5, 1990 report and recommendation of the magistrate on liability. On May 3, 1990, the district court denied the motion for reconsideration because no timely objection had been filed to the magistrate's report and recommendation. On May 7, 1990, outside the time frame for filing objections to either the magistrate's initial liability determination or to the magistrate's subsequent damage award, appellant filed five objections and requested a hearing de novo before the district court. For the first time, appellant raised the issue that the motion for attorneys' fees had been untimely filed and the district court therefore did not have jurisdiction to award fees. These objections were denied by the district court in an order dated May 10, 1990.
 
 
 13
 On May 18, 1990, appellant Dulmage filed a timely notice of appeal, appealing the April 23, 1990 order of the district court, which accepted the magistrate's report and recommendation on liability for the payment of attorneys' fees.
 
 II.
 
 14
 Appellant first contends that the district court did not have jurisdiction to award attorneys' fees because defendant's motion requesting attorneys' fees was untimely filed. The motion for attorneys' fees was date-stamped June 7th, 1989, which appellant argues was over thirty days from the entry of judgment on May 5th, 1989.
 
 
 15
 In White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 454 (1982), the Supreme Court stated that "the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." The district court for the Eastern District of Michigan has set the following time limit for filing an attorneys' fees motion:
 
 
 16
 Except as otherwise provided by statute, Local Rule or by order of the Court, an application for attorney fees by a prevailing party together with a supporting memorandum shall be filed within 30 days after the entry of judgment. Failure to file the application within the time specified shall be considered a waiver of the right to attorney fees.
 
 
 17
 E.D.Michigan Local Rule 17(n). In the present case, the entry of the stipulated dismissal of the complaint, which constituted a final judgment, was entered on the district court's docket on May 5, 1989. Therefore, the attorneys' fees motion, to be timely filed, had to be filed within 30 days by June 5, 1989.
 
 
 18
 Defendant establishes that the motion for attorneys' fees was received by the district court on June 2, 1989 by submitting a copy of the delivery signature obtained from the district court by United Parcel Service, who delivered the pleading. This court has held that a notice of appeal is effectively filed on the day it is "received" by the clerk's office even though it is date-stamped with a later date. United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). We believe the same rule should apply to the filing of motions. Therefore, because the record in the present case establishes that the district court received the motion for attorneys' fees on June 2, 1989, the motion was filed within the thirty day limit and the district court had jurisdiction to award the fees.
 
 III.
 
 19
 Finally, we must determine whether appellant is precluded from pursuing the other issues raised in this appeal by failing to object to the magistrate's report and recommendation on liability for attorneys' fees within ten days.
 
 
 20
 In the present case, the district court referred the defendant's motion for attorneys' fees to the United States magistrate pursuant to the provisions of Rule 72(b) Fed.R.Civ.P. and 28 U.S.C. Sec. 636(b)(1). By operation of section 636(b)(1), any party that disagrees with the magistrate's recommendation "may serve and file written objections" to the magistrate's report within ten days, and thereby obtain de novo review by the district court judge of those portions of the report to which objections are made. In the interest of judicial economy, this circuit established in United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981), that a party must file timely objections with the district court to avoid waiving appellate review. See also Thomas v. Arn, 474 U.S. 140, 145 (1985) (affirming this court's application of the rule adopted in Walters ); Patterson v. Mintzes, 717 F.2d 284, 286-87 (6th Cir.1983). By operation of this rule, only those specific objections to the magistrate's report which are timely made to the district court will be preserved for appellate review. Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir.1986); Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir.1986).
 
 
 21
 In the present case, complying with the provisions of 28 U.S.C. Sec. 636(b)(1), the April 5, 1990 report and recommendation of the magistrate clearly stated that appellant had to make timely objections within ten days. Appellant failed to timely object, and the district court adopted the magistrate's report on April 23, 1990, noting that no objections had been filed. We find that by failing to timely object to the magistrate's report and recommendation, appellant has waived his right to appeal the district court's determination on liability for attorneys' fees. Walters, 638 F.2d at 950.
 
 
 22
 Appellant confuses the rule concerning the appealability of final orders with the rule concerning objections to a magistrate's report and recommendation. It is true that this circuit has held that an order granting attorneys' fees and costs is not appealable to a court of appeals where the amount to be awarded has not yet been determined. Morgan v. Union Metal Mfg., 757 F.2d 792, 795 (6th Cir.1985). However, this rule does not abrogate the rule that a petitioner must object to a magistrate's report and recommendation within ten days. Appellant's argument that he was not required to object to the magistrate's report because it was not a final, appealable order has no merit. The rule regarding final, appealable orders applies to an appeal of a district court decision to a court of appeals, not to a report and recommendation of a magistrate, which must be objected to within ten days in order to obtain de novo review by the district court. Moreover, this court has specifically applied the rule requiring an objection within ten days to a magistrate's report and recommendation in the context of attorneys' fees. Smith v. Detroit Federation of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). For these reasons, appellant has waived the right to appeal the report and recommendation of the magistrate establishing liability for attorneys' fees that was issued on April 5, 1990 and adopted by the district court on April 23, 1990.
 
 VI.
 
 23
 To conclude, the district court had jurisdiction to award attorneys' fees under 28 U.S.C. Sec. 1927. By failing to timely object to the magistrate's report and recommendation determining liability, appellant has waived his right to appeal. For these reasons, the decision of the district court is hereby AFFIRMED.
 
 
 
 [1]
 The complaint was originally filed in the Genessee County Circuit Court, but was removed by defendant to federal district court pursuant to 28 U.S.C. Sec. 1441(b)
 
 
 [2]
 CCX is an independent subsidiary of Consolidated Freightways. Throughout these proceedings, Consolidated asserted that CCX was the real party in interest and should have been joined. However, CCX was never added as a party by the plaintiff
 
 
 [3]
 During this time, Dulmage filed a motion to remand the case to state court. The district court denied the motion on April 20, 1989 and imposed sanctions on Dulmage for filing a frivolous motion pursuant to Federal Rule of Civil Procedure, Rule 11. This Rule 11 attorneys' fee award is not in dispute in this appeal
 
 
 [4]
 At this point, the magistrate ordered Dulmage to withdraw as Stevens' attorney and advised Stevens to obtain new counsel. Two adjournments of the hearings were granted at Stevens' request in order to allow him time to obtain a new attorney. He never obtained counsel and represented himself at the subsequent hearings