959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip A. CLARK, Plaintiff-Appellant,
v.
Rodger CASE; Jerry Muse; Bonnie Bass; Larry Combs; Vicky
Marshall; William H. Sewell, II, Defendants-Appellees.
 No. 91-6180.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1992.
 
 Before KENNEDY and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Phillip A. Clark, a pro se Kentucky prisoner, appeals a district court's order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Clark sued the head jailer, assistant head jailer, head cook, and two other employees of the Mason County Detention Center, as well as his defense attorney, for allegedly violating his rights under the First, Eighth, and Fourteenth Amendments while he was a pretrial detainee. Clark alleged that he was not taken to a doctor for a CAT scan after falling on three occasions at the jail, that he was regularly served meal trays containing pork (Clark is a Muslim), that he found glass in his food on one occasion, that his incoming mail was being returned without delivery to him, that the guards engaged in criminal conduct, and that his trial judge did not respond to several motions he had filed.
 
 
 3
 A magistrate judge issued a report on August 23, 1991, in which he recommended that the action be dismissed pursuant to 28 U.S.C. § 1915(d). Clark filed objections to only three parts of the magistrate judge's report. He stated that he was by that time under the care of the Department of Corrections and was being tested by medical staff; consequently, he requested a "continuance" of his medical claim until the tests were completed. He also alleged that defendant Bass still served him pork, and requested an investigation of defendants Case and Muse because of "unprofessional conduct." The district court overruled Clark's objections, adopted the magistrate judge's report and recommendation, and dismissed the action in an order filed September 18, 1991.
 
 
 4
 On appeal, Clark continues to argue his innocence of the charge against him, and reasserts his claims against Case, Muse, and Bass for inadequate medical care and being served pork at mealtimes. He further asserts that his trial attorney rendered ineffective assistance of counsel and seeks the disbarment of the judge and commonwealth attorney who participated in his trial. Clark requests the appointment of counsel and a transcript at government expense in his brief.
 
 
 5
 Upon review, we affirm the district court's order for reasons other than that stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). The district court cited 28 U.S.C. § 1915(d) in dismissing Clark's complaint. However, Clark's claims concerning inadequate medical treatment and service of meals containing pork survive the extremely lenient § 1915(d) standard of review. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Nonetheless, we shall review the claims under the more stringent pleading standard of Fed.R.Civ.P. 12(b)(6), see Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988), because the magistrate judge's report provided Clark with the required notice and opportunity to correct the deficiencies in his complaint. See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986).
 
 
 6
 Initially, Clark did not object to the magistrate judge's recommended disposition of his claims concerning state court rulings and incoming mail, or his requested transfer. Thus, these claims are considered waived and are not reviewable on appeal. See Thomas v. Arn, 474 U.S. 140, 147-49 (1985); Wilson v. McMackin, 786 F.2d 216, 220 (6th Cir.1986). His claim of ineffective assistance of counsel was not first presented to the district court and so is not reviewed on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). Clark's call for the disbarment of the judge and prosecuting attorney were not presented to the district court and, in any event, are not properly raised in a federal civil rights action.
 
 
 7
 Clark's Eighth Amendment claim for inadequate medical treatment is meritless because he does not show that the defendants were deliberately indifferent to a serious medical need. See Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). Although Clark complains of headaches, he has not demonstrated a serious medical need sufficient to justify the CAT scan he demands.
 
 
 8
 Clark's complaint that defendant Bass served pork on some of his meal trays does not rise to a level of constitutional magnitude. Prison officials must recognize a Muslim inmate's right to refrain from eating pork and must provide him with sufficient amounts of non-pork food to constitute a nutritious diet. See Salaam v. Lockhart, 856 F.2d 1120, 1124 (8th Cir.1988). Although Clark asserts in a conclusory fashion that he "starves," he does not allege that he is unable to eat anything on his meal trays or that the non-pork items are nutritionally inadequate.
 
 
 9
 Clark's general assertion regarding the unprofessional and/or criminal conduct of defendants Case and Muse completely fails to allege the violation of a federal constitutional right.
 
 
 10
 Finally, we note that Clark has filed multiple actions and appeals raising the same claims. He is warned that sanctions may be imposed in the future should he continue to engage in improper collateral attacks upon federal court decisions with which he is unhappy.
 
 
 11
 Accordingly, the requests for counsel and a transcript at government expense are denied. The district court's judgment, entered September 18, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.